# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1. MARK STODGHILL**, Individually and as Personal Representative of the **ESTATE OF RALPH STODGHILL**,<br><br>Plaintiff,<br><br>vs.<br><br>**1. BAYER AG**, a foreign corporation<br>**2. BAYER CORPORATION**, a Pennsylvania corporation,<br><br>Defendants. | Case Number: |

## COMPLAINT

Plaintiff Mark Stodghill, individually, and as surviving Personal Representative of the Estate of Ralph Stodghill, for his cause of action states:

## FACTUAL ALLEGATIONS

1. Plaintiff, Mark Stodghill, is a citizen and resident of Tulsa, Tulsa County, Oklahoma. Plaintiff is the duly-appointed Personal Representative of the Estate of Ralph Stodghill and brings this action for wrongful death and survival damages on his behalf and on behalf of all heirs of the Estate.

2. Defendant Bayer AG (hereinafter "Bayer AG") is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania,

with its principal place of business in Leverkusen, Germany. At all times relevant Bayer AG, through various divisions and subsidiaries, developed, manufactured, promoted, marketed, distributed and/or sold the aforementioned drugs throughout the world without limitation and interstate commerce throughout the United States, and in the State of Oklahoma.

3. Defendant Bayer Corporation ("Bayer"), is a Pennsylvania corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania. At all times relevant hereto, Bayer was in the business of promoting, marketing, distributing and selling the pharmaceutical Cerivastatin, or Baycol. At all times relevant hereto, it developed, manufactured, promoted, marketed, distributed and sold in interstate commerce without limitation and in Oklahoma, the aforementioned drug.

4. This Court has jurisdiction over the case on the basis of diversity of citizenship and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

5. The consequences of the torts alleged herein resulted in the death in Tulsa County, Oklahoma, of decedent Ralph Stodghill.

6. Venue is proper in the United States District Court for the District of

Oklahoma, Northern Division, pursuant to 28 U.S.C. § 1391(a).

7.  The consequences of the torts alleged herein resulted in the death in Tulsa County, Oklahoma, of decedent Ralph Stodghill.

8.  Ralph Stodghill took, ingested, used, and/or otherwise was exposed to the drug Baycol.

9.  On January 29, 2001, Ralph Stodghill was first prescribed Baycol by Dr. Rodney Burrow. By late February 2001, Mr. Stodghill had reported that he was falling without dizziness. He had experience of extreme fatigue and weakness.

10. By March 2001, Mr. Stodghill could no longer safely drive his vehicle. At his March 9, 2001, appointment with Dr. Burrow, he was experiencing occasional dizziness, chronic paresthesias involving distal extremities, depression, decreased appetite, increased fatigue, weakness and difficulty awakening in the morning.

11. On March 17, 2001, Mr. Stodghill was in extreme pain and fell two times that day after his legs gave way. He was evaluated that day at the Hillcrest Medical Center Emergency Department.

12. At his March 27, 2001, appointment with Dr. Burrow, he was still complaining of fatigue. He also reported decreased appetite and poor ability

to taste.

13. On April 15, Mr. Stodghill crumpled multiple times during a short walk of about 150 feet. By this time he was sometimes falling 3-4 times per day, once not being able to get up for 6 hours, despite no dizziness or change of consciousness.

14. Mr. Stodghills' son, Plaintiff Mark Stodghill, took him to see Dr. Pat Bolding on April 25, 2001, describing that there had been a dramatic change over the previous two months and that his legs wouldn't support him. Ralph Stodghill by then was completely unable to assist in transferring himself to the wheelchair and car. Laboratory work that day showed a dramatic increase in Mr. Stodghill's CPK level.

15. On May 2, 2001, Ralph Stodghill died.

16. Subsequent pathological studies demonstrated that Mr. Stodghill died from the multiple system failures that resulted from the acute rhabdomyolysis which was caused by the injestion of Baycol.

### PLAINTIFF'S FIRST CAUSE OF ACTION– STRICT LIABILITY

17. Plaintiff re-alleges paragraphs 1 through 16 above and incorporates them specifically herein by reference as if set forth here and further alleges as follows:

18. Pursuant to the Restatement of Torts (second) Section 402A, at time Baycol left the hands of Defendants it was in defective condition, unreasonably dangerous in design, manufacture, testing, and marketing, and was so at the time it was prescribed by physicians in Oklahoma responsible for the care and treatment of Decedent Ralph Stodghill who were unaware of the dangerous condition of the drug.

19. The unreasonably dangerous defective condition of Baycol was known or should have been known to Defendants at the time they began to market and sell the drug.

20. Defendants knew Baycol would be used by the ordinary citizen-users without knowledge of the dangerous condition and that the physicians were reasonably relying upon Defendants' representations that the product was safe and appropriate for the particular uses for which it had been promoted.

21. As a proximate and legal result of the unreasonably dangerous, defective condition of Baycol, Ralph Stodghill suffered severe physical and emotional injuries, pain and suffering for an extended period of time and those injuries eventually resulted in his death.

22. As a result of the above alleged conduct of Defendants, Plaintiff for himself and the Estate of Ralph Stodghill are entitled to recover the following

damages:

    a.    All Medical and burial expenses

    b.    The mental pain and anguish suffered by the decedent,

    c.    The pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life,

    d.    The grief and loss of companionship of the the surviving kin of the decedent,

    e.    The reasonable value of past necessary health care expenses, treatment and services for Ralph Stodghill incurred in connection with his illness, disability and death;

### PLAINTIFF'S SECOND CAUSE OF ACTION - NEGLIGENCE

23. Plaintiff re-alleges paragraphs 1 through 22 above and incorporates them specifically herein by reference as if set forth here and further alleges as follows:

24. Defendants had a duty to exercise reasonable care to properly design, research, develop, test, inspect, label and prepare for use the aforesaid drugs and their component raw materials in the manufacture, sale and/or

distribution of Baycol which was introduced into the stream of commerce, including a duty to insure that the products not cause users to suffer from unreasonable, dangerous or untoward adverse side effects.

25. Defendants failed to exercise ordinary care in the design, research, development, manufacture, sale, testing, quality assurance, quality control and/or distribution of Baycol into interstate commerce, in that Defendants knew or should have known that the product Baycol created a high risk of unreasonable, dangerous or untoward adverse side effects.

26. Defendants knew, or in the exercise of reasonable care should have known, that Baycol and its constituent elements were of such a nature that if not properly manufactured, labeled, tested, and inspected before sold, they were likely to cause injury to the products' user.

27. Defendants were negligent in the design, manufacture, testing, promotion, advertising, warning, labeling, marketing and sale of Baycol, in that they:

    (a) Failed to use due care in the designing, testing, and manufacturing of Baycol so as to prevent the aforementioned risks to individuals when Baycol was were being used;

    (b) Failed to accompany their product with proper warnings regarding all possible adverse side effects associated with the use of Baycol and the

        comparative severity and duration of such adverse effects;

  (c)    Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of Baycol;

  (d)    Failed to provide adequate training, information and warnings to medical care providers for the appropriate use of Baycol;

  (e)    Were otherwise careless and/or negligent.

28. Despite the fact that Defendant knew, or should have known, that Baycol caused unreasonable and dangerous side effects which many users would be unable to remedy by any means, Defendant continued to market Baycol to consumers, including Plaintiff, when safer alternatives were available.

29. Defendant knew, or should have known, that consumers such as Plaintiff would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

30. As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendant, Ralph Stodghill suffered severe physical and emotional injuries, pain and suffering for an extended period of time and those injuries eventually caused his untimely death.

31. As a result of the above alleged conduct of Defendants, Plaintiff for himself and the Estate of Ralph Stodghill are entitled to recover the following

damages:

 a. All Medical and burial expenses

 b. The mental pain and anguish suffered by the decedent,

 c. The pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life,

 d. The grief and loss of companionship of the surviving kin of the decedent,

 e. The reasonable value of past necessary health care expenses, treatment and services for Ralph Stodghill incurred in connection with his illness, disability and death;

## PLAINTIFF'S THIRD CAUSE OF ACTION– PUNITIVE DAMAGES

32. Plaintiff re-alleges paragraphs 1 through 31 above and incorporates them specifically herein by reference as if set forth here and further alleges as follows:

33. Plaintiff states that Defendants' conduct was reckless, done intentionally with malice towards others and that punitive damages should be assessed

against Defendants, and in favor of Plaintiff, in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount that will reasonably compensate them for all of the damages alleged in this complaint, for punitive or exemplary damages, for their reasonable and necessary costs incurred in prosecuting this action, and for whatever further relief this Court may deem necessary

By:   <u>s/ Robert D. Baron</u>
Larry A. Tawwater, OBA No. 8852
Darren M. Tawwater, OBA No. 18854
Robert D. Baron, OBA No. 550
    Of Counsel
**THE TAWWATER LAW FIRM, P.L.L.C.**
One TSquared Place
14001 Quail Springs Parkway
Oklahoma City, Oklahoma  73134
Telephone:   (405) 607-1400
Facsimile:    (405) 607-1450
Email:         rbaron@tawlaw.com
**ATTORNEYS FOR PLAINTIFF**

**DEMAND FOR JURY TRIAL**

**ATTORNEY'S LIEN CLAIMED**